FILED
OCT 31 2007
OCT. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLE J. MITCHELL, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) **07CV6165** |
| v. | ) **JUDGE NORGLE** |
| NCO FINANCIAL SYSTEMS, INC., | ) **MAG. JUDGE BROWN** ) |
| Defendant. | ) |

JH

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Kyle J. Mitchell brings this action to secure redress against unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendants in this District is proper because defendant's collection communications were received here.

### PARTIES

4. Plaintiff Kyle J. Mitchell is an individual who resides in Aurora, Illinois.

5. Defendant NCO Financial Systems, Inc. is a corporation with offices at 507 Prudential Road, Horsham, PA 19044.

6. Defendant NCO Financial Systems, Inc. is engaged in the business of a

1

collection agency, using the mails and telephones to collect allegedly defaulted debts owed to others.

7. Defendant NCO Financial Systems, Inc. is a "debt collector" as defined in the FDCPA.

**FACTS**

8. Within the year prior to the filing of this complaint, defendant NCO Financial Systems, Inc. sent plaintiff the collection letter attached as Exhibit A, seeking to collect a credit card debt allegedly incurred for personal, family or household purposes.

9. Exhibit A represents that the alleged debt includes $0 interest.

10. The statement that the alleged debt includes $0 interest is false.

11. Based on the normal practices of the creditor with respect to its credit card debts, a significant portion of the debt consists of interest, including interest accrued after the debt became delinquent and/or charged off.

12. Misstating the proportion of the debt that consists of principal and interest is material.

13. Understating the interest makes it appear as if the debt is recent, and serves to conceal potential statute of limitations defenses. Conversely, a large amount of interest and a small amount of principal suggests that the debt is old, and may allow the debtor or court to calculate how old it is.

14. Courts are more willing to enforce principal than interest. Discover Bank v. Owens, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Ohio Mun. 2004).

15. Creditors and purchasers of debts are required under the Internal Revenue Code and regulations to have accurate information concerning the composition of their debts. Debt Buyers' Ass'n v. Snow, 481 F. Supp. 2d 1 (D.D.C. 2006).

16. The importance of having an accurate breakdown of principal and interest on a debt for tax purposes is emphasized in ACA International's Guide to 1099-C Reporting,

p.36:

> Example 13 – Interest
>
> Facts: A debtor owes a credit card company a debt of $5600. Of that amount, $1600 is interest. The creditor does not attempt any collection efforts during the 36-month testing period.
>
> Results: The creditor would be required to file a Form 1099-C in the amount of $4000. Interest is not required to be reported. However, if the creditor does decide to report interest, the interest must be reported separately from the principal amount of the debt. The 1099-C Form provides a separate box for the reporting of interest.
>
> If a debt purchaser is unable to determine the breakdown of purchased debt into principal and interest, it should use its best efforts to try and obtain this information so it can determine the amount of interest and principal that has been discharged. If, however, the debt purchaser is unable to obtain this information, the debt purchaser should report using the best available information. When attempting to determine what portion of a credit card debt is principal and what portion of a credit card debt is interest, special consideration should be paid to the terms of the underlying agreement between the creditor grantor and the debtor.

ACA International was formerly known as the American Collector's Association.

17. Exhibit A is a form letter.

18. On information and belief, letters in the form represented by Exhibit A are filled out in a standardized manner by defendant.

## VIOLATION ALLEGED

19. The misstatement described above violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural

3

persons with Illinois addresses (b) to whom defendant sent a letter seeking to collect a credit card debt owned by Bank of America or MBNA, (c) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

21. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

22. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

23. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

25. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
―――――――――――――――
Daniel A. Edelman

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_/s/_
_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

t:\20469\pleading\complaint_pleading.wpd

# EXHIBIT A

PO BOX 15630
DEPT 27
WILMINGTON DE 19850

**NCO FINANCIAL SYSTEMS INC**

507 Prudential Road, Horsham, PA 19044

1-800-218-1175
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Mar 11, 2007

Calls to or from this company may be monitored or recorded for quality assurance.

**Redacted**

PH4985
KYLE J MITCHELL
AURORA IL 60502-4532

CREDITOR: BANK OF AMERICA/MBNA
ACCOUNT #:
REGARDING: PAST DUE BALANCE
PRINCIPAL: $ 5195.81
INTEREST: $ 0.00
INTEREST RATE:
COST OF COLLECTIONS: $0.00
OTHER CHARGES: $ 0.00
TOTAL BALANCE: $5195.81

The named creditor has placed this account with our office for collection. It is important that you forward payment in full.

If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance.

To assure proper credit please put our internal account number ▮▮▮▮▮ on your check or money order and enclose the lower portion of this letter with your payment. If you need to speak to a representative contact us at 1-800-218-1175.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is ▮▮▮▮▮.

Returned checks may be subject to the maximum fees allowed by your state.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)
---

| Account # | Client Account # | Total Balance |
|---|---|---|
| | | $ 5195.81 |

KYLE J MITCHELL
Payment Amount ↓

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 17080
WILMINGTON DE 19850-7080

NCO A
120

0127OOPH49855000000270000000000005195817