IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE J. MITCHELL, on behalf of himself and a class, | ) ) ) | 07-C-6165 |
| Plaintiff, | ) ) | Judge Norgle |
| v. | ) ) ) | Magistrate Judge Brown |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff defines the class as (a) all natural persons with Illinois addresses (b) to whom defendant sent a letter seeking to collect a credit card debt owned by Bank of America or MBNA, (c) that lists as "interest" an amount less than the unpaid finance charges imposed on the account, (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.   This case concerns a standard form collection letter used by defendant NCO (Exhibit A). Exhibit A represents that the alleged debt, a credit card account, includes $5195.81 principal and $0 interest. Plaintiff contends that the statement that the alleged debt

---

[1]Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

includes $0 interest is false and that a significant portion of the $5195.81 "principal" consists of finance charges or interest, including interest accrued after the debt became delinquent and/or charged off, as well as late fees and other default charges.

    2.    Misstating the proportion of the debt that consists of principal and interest is material, for multiple reasons:

    a.    Understating the interest makes it appear as if the debt is recent, and serves to conceal potential statute of limitations defenses. Conversely, a large amount of interest and a small amount of principal suggests that the debt is old, and may allow the debtor or court to calculate how old it is.

    b.    Courts are more willing to enforce principal than interest. Discover Bank v. Owens, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Ohio Mun. 2004).

    c.    Creditors and purchasers of debts are required under the Internal Revenue Code and regulations to have accurate information concerning the composition of their debts. Debt Buyers' Ass'n v. Snow, 481 F. Supp. 2d 1 (D.D.C. 2006).

    3.    The importance of having an accurate breakdown of principal and interest on a debt for tax purposes is emphasized in ACA International's Guide to 1099-C Reporting, p.36:

Example 13 – Interest

Facts:    A debtor owes a credit card company a debt of $5600. Of that amount, $1600 is interest. The creditor does not attempt any collection efforts during the 36-month testing period.

Results:    The creditor would be required to file a Form 1099-C in the amount of $4000. Interest is not required to be reported. However, if the creditor does decide to report interest, the interest must be reported separately from the principal amount of the debt. The 1099-C Form provides a separate box for the reporting of interest.

> If a debt purchaser is unable to determine the breakdown of purchased debt into principal and interest, it should use its best efforts to try and obtain this information so it can determine the amount of interest and principal that has been discharged. If, however, the debt purchaser is unable to obtain this information, the debt purchaser should report using the best available information. When attempting to determine what portion of a credit card debt is principal and what portion of a credit card debt is interest, special consideration should be paid to the terms of the underlying agreement between the creditor grantor and the debtor.

ACA International was formerly known as the American Collector's Association.

4. Plaintiff alleges that the misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

**CLASS CERTIFICATION REQUIREMENTS**

5. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

6. It is reasonable to infer from the following facts that the number of class members exceeds the approximately 40 required for certification:

    a. This action complains of a standard form used by defendant.

    b. Defendant is the largest collection agency in the United States. (Credit and Collections World rankings [Exhibit B]).

    c. A similar case brought in Illinois on behalf of all natural persons with Illinois addresses who were sent an NCO "A" letter on a Bank of America or other "N6 Main" debt that lists a positive dollar amount of interest and also lists an interest rate of 0% during

        a 385 day period in 2005-2006 had 9,326 class members. <u>Ivanov v. NCO Financial Systems, Inc.</u>, 06 C 3460 (N.D.Ill.).

    d.    MBNA and Bank of America are major issuers of credit cards.

7.    Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

8.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether <u>Exhibit A</u> violates the FDCPA.

9.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

10.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases. (<u>Exhibit C</u>)

11.    A class action is superior to other alternative methods of adjudicating this dispute, in that:

    a.    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

    b.    A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

12.    In further support of this motion, plaintiff submits the accompanying memorandum of law.

13.    Plaintiff is filing a class certification motion at this time because of the decision in <u>White v. Humana Health Plan, Inc.</u>, 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

    WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

        Respectfully submitted,


        s/ Daniel A. Edelman
        Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20469\Pleading\Plaintiff's Motion for Class Certification_Pleading.wpd

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on November 2, 2007, the foregoing document was filed electronically. A copy of the foregoing document was served via hand delivery on the following individuals:

NCO Financial Systems, Inc.
c/o CT Corporation
208 S. LaSalle St., Suite 814
Chicago, IL 60604

s/ Daniel A. Edelman
Daniel A. Edelman
